# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSEPH CHIDI ANORUO,

        Plaintiff(s),

v.

ERICK K. SHINSEKI,

        Defendant(s).

2:12-CV-1190 JCM (GWF)

## ORDER

Presently before the court is defendant Erick K. Shinseki's motion to dismiss or strike portions of complaint. (Doc. # 4). *Pro se* plaintiff Joseph Chidi Anoruo responded (doc. # 10), defendant replied (doc. # 12).

**I.    Factual background**

Plaintiff is a national of Nigeria and a citizen of the United States. (Doc. # 1, ¶ 1). Defendant, as Secretary of Veteran Affairs ("VA"), began employing plaintiff on May 4, 2003, as a clinical pharmacist. (*Id.*, ¶ 12). Plaintiff adequately performed all the functions, duties, and responsibilities of his employment. (*Id.*, ¶ 27). Plaintiff alleges that defendant, discriminated against him on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964. The following instances of discriminatory treatment based on plaintiff's national origin give rise to plaintiff's claims.

Between January 8, 2011, and January 24, 2011, human resources at the VA announced an opening for a position titled Clinical Pharmacy Manager–Oncology (job announcement number 593-

**James C. Mahan**
**U.S. District Judge**

1   T-38-11-024). (*Id*., ¶ 14). On January 20, 2011, plaintiff applied for the position but was not
2   interviewed. (*Id*., ¶ 15). Plaintiff was not selected for the position even though he was better
3   qualified in terms of management, education, training, and experience; defendant selected a
4   Caucasian for the position. (*Id*., ¶ 16).

5         On or about September 19, 2007, defendant shut down the infectious disease clinic, managed
6   by plaintiff, without justification. (*Id*., ¶ 18).

7         Plaintiff also managed the pain clinic, from which he resigned. (*Id*., ¶ 20). Upon
8   reestablishment of the pain clinic, defendant hired a white female, even though plaintiff had
9   previously managed the clinic for over two years with minimal help and had better experience than
10  defendant's selectee. (*Id*., ¶¶ 20-21).

11        Defendant also did not select plaintiff for a research pharmacist position, even though
12  plaintiff was the alternate research pharmacist. (*Id*., ¶ 22). Defendant instead chose a white female
13  for the position. (*Id*.).

14        Defendant also replaced plaintiff as coordinator of student activities at the Southwest clinic,
15  even though plaintiff was coordinating activities before the selectee–an Asian American– was
16  transferred to the clinic. (*Id*., ¶ 23).

17        Plaintiff submitted an Executive Decision Request ("EDR") to the VA which encouraged the
18  reestablishment of the infectious disease clinic. (*Id*., ¶ 24). Plaintiff's request was met with disparate
19  treatment and/or reprisal. (*Id*.).

20        Defendant further threatened plaintiff with an ethics investigation for no justifiable reason.
21  (*Id*., ¶ 25).

22        On December 8, 2010, defendant falsified information about plaintiff to lessen plaintiff's
23  chances of being selected for the Clinical Pharmacy Manager–Oncology position and shared this
24  information with other departments. (*Id*., ¶ 26).

25        Lastly, defendant did not select plaintiff for a supervisory pharmacy position for which he
26  was better qualified. (*Id*., ¶ 38).

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Plaintiff alleges that defendant (1) violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and Nevada common law, by discriminating against plaintiff based on his national origin and/or (2) subjected plaintiff to reprisal.

Defendant now moves this court to dismiss or strike all of plaintiff's claims or allegations other than those arising out of plaintiff's non-selection for the Clinical Pharmacy Manager–Oncology position. Defendant moves this court to dismiss or strike plaintiff's claims arising out of the following factual circumstances: (1) the closure of the infectious disease clinic; (2) non-selection for the pain clinic; (3) non-selection as a research pharmacist; (4) non-selection as a coordinator of student activities; (5) the treatment of plaintiff's EDR; (6) the threat of an ethics investigation; (6) falsifying information; and (7) non-selection as a supervisory pharmacist (collectively, "other claims"). (Doc. # 4, 6:5-13).

## II. Legal standards

### A. Rule 12(b)(6)

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

James C. Mahan
U.S. District Judge

- 3 -

1    Second, the court must consider whether the factual allegations in the complaint allege a
2  plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint
3  alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the
4  alleged misconduct. *Id.* at 1949.

5    Where the complaint does not permit the court to infer more than the mere possibility of
6  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." Id.
7  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
8  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

9    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
10 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
11 allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
12 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
13 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
14 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
15 be subjected to the expense of discovery and continued litigation." *Id.*

16  **B.    Rule 12(f)**

17    Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken
18 from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous
19 matter." "Immaterial matter is that which has no essential or important relationship to the claim for
20 relief" and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary,
21 to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal
22 citations omitted), *rev'd on other grounds* 510 U.S. 517 (1994). "The function of a 12(f) motion to
23 strike is to avoid the expenditure of time and money that must arise from litigating spurious issues
24 by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885
25 (9th Cir. 1983). Generally, federal courts disfavor motions to strike unless it is clear that the matter
26 to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine Music*

27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

*v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

### III.   Discussion

As an initial matter, the court acknowledges that the complaint and opposition to the instant motion are *pro se*, which is held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted).

Defendant argues that the other claims are barred by either failure to exhaust administrative remedies or claim preclusion, or both**.**

#### A.   Failure to exhaust administrative remedies

Defendant attacks plaintiff's other claims because of plaintiff's failure to exhaust. (Doc. # 4, 5:1-2).

Federal employees are required to exhaust administrative remedies before filing a Title VII lawsuit. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994); *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002); *Brown v. Gen. Services Admin.*, 425 U.S. 820, 832 (1976). As the first step in exhausting administrative remedies, the plaintiff must consult an Equal Employment Opportunity ("EEO") counselor within forty-five (45) days of an alleged discriminatory incident. 29 C.F.R. § 1614.105(a)(1). This reporting requirement gives the agency notice and an opportunity to investigate the alleged charges of the claim. *B.K.B.*, 276 F.3d at 1099 (to allow a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role and deprive the charged party of notice). The failure to timely report to an EEO counselor is fatal to a federal employee's discrimination claim. *Lyons*, 307 F.3d at 1104 (holding that discrimination claims, which were based on incidents more than forty-five (45) days before the EEO contact, were time-barred); *Whitman v. Mineta*, 541 F.3d 929, 933 (9th Cir.

James C. Mahan
U.S. District Judge

- 5 -

2008) (affirming dismissal of claim where plaintiff did not contact an EEO counselor within 45 days of incident).

Here, plaintiff alleges that defendant violated Title VII and subjected plaintiff to reprisal on the basis of eight separate incidents.[1] However, plaintiff brought only one claim–his non-selection for the Clinical Pharmacy Manager position–to the EEOC before filing the instant lawsuit. In March 2011, plaintiff contacted an EEO counselor about the non-selection for this position. (Doc. # 4, Ex. B-1).[2] In July 2011, plaintiff filed a formal EEO complaint for non-selection of this position. (*Id.*, Ex. B-2).

Having failed to raise the other claims in the administrative proceedings below, the court finds that plaintiff failed to exhaust his administrative remedies related to the other claims. Thus, the other claims are not properly before the court as the court does not have subject matter jurisdiction over these claims. For these reasons, plaintiff's other claims are dismissed with prejudice.

. . .

. . .

. . .

. . .

---

[1] These incidents are: (1) the closure of the infectious disease clinic; (2) non-selection for the pain clinic; (3) non-selection as a research pharmacist; (4) non-selection as a coordinator of student activities; (5) the treatment of plaintiff's Executive Decision Request; (6) the threat of an ethics investigation; (6) falsifying information; (7) non-selection as a supervisory pharmacist; and (8) plaintiff's non-selection for the Clinical Pharmacy Manager–Oncology position.

[2] The court takes judicial notice of the EEOC proceedings. Review on a motion pursuant to Fed.R.Civ.P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed.R.Civ.P. 12(b); *see United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie,* 342 F.3d at 908.

A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 908. If adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *Id.* at 909; *see* FED.R.EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009).

### B.     Claim preclusion

In addition to failure to exhaust, defendant specifically attacks claims arising out of (1) the closure of the infectious disease clinic and (7) non-selection as a supervisory pharmacist under the doctrine of claim preclusion.

### I.      Legal standard

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotations omitted). "A final judgment on the merits of an action precludes the parties or their privies form relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 453 U.S. 394, 398 (1981). "The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions." *Bell v. United States*, no. CV F 02-5077, 2002 WL 1987395, at *4 (E.D. Cal. June 28, 2002).

The Nevada Supreme Court has established the following three-part test for determining whether claim preclusion should apply: "(1) the parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008); *see also Tahoe-Sierra*, 322 F.3d at 1077 (identifying the same three-part test).

When considering the first factor a court should note that "even when parties are not identical, privity may exist if there is a substantial identity between parties, that is, when there is sufficient commonality of interest." *Id.* at 1082. "Privity–for the purposes of applying the doctrine of res judicata–is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).

Courts should consider the following four criteria for the third factor: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3)

**James C. Mahan**
**U.S. District Judge**

- 7 -

whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

### ii. Analysis

Plaintiff's claims arising out of the closure of the infectious disease clinic and the non-selection as a supervisory pharmacist have already been the subject of litigation in *Anorou v. Shinseki*, case number 2:11-cv-2070-MMD-CWH ("*Anorou I*").[3] In *Anorou I*, Judge Du dismissed the action based on plaintiff's failure to timely contact an EEO counselor. *Anorou I* involved the same parties, was a valid final judgment,[4] and was based on two of the same claims plaintiff seeks to bring here.

Plaintiff argues that claim preclusion does not apply because *Anorou I* is on appeal. However, it "[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal . . . ." *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (*citing* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4433, at 308 (1981)).

Therefore, claim preclusion bars any claims in the instant complaint that arises out of the closure of the infectious disease clinic and the non-selection for a supervisory pharmacist position.

## IV. Leave to Amend

Plaintiff need not amend his complaint. The instant complaint may serve as the operative complaint for plaintiff's Title VII and reprisal claims based on the non-selection for the Clinical Pharmacy Manager–Oncology position. However, if plaintiff chooses to amend his complaint such that the complaint contains factual allegations and claims that relate only to the non-selection for the Clinical Pharmacy Manager–Oncology position, he may do so.

---

[3] The court takes judicial notice Judge Du's court order dismissing *Anoruo I* with prejudice (doc. # 22 in case no. 2:11-cv-2070-MMD-CWH).

[4] Judge Du dismissed these claims with prejudice. Dismissal with prejudice operates as a final judgment on the merits. *Hall v. Mortgageit, Inc.*, 2:11-CV-02051-KJD, 2012 WL 2921449, at *2 (D. Nev. July 17, 2012).

The court reminds plaintiff that if he chooses to amend his complaint, he must comply with the requirements of Local Rule 15-1 and file a motion to amend, attaching the proposed amended complaint.

**V.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Erick K. Shinseki's motion to dismiss or strike portions of complaint, (doc. # 4), be and the same hereby is, GRANTED. Plaintiff's other claims are dismissed with prejudice.[5]

IT IS FURTHER ORDERED that plaintiff, if he chooses to amend his complaint, file the motion to amend, attaching the proposed amended complaint, within thirty (30) days of the date of this order. The court reminds plaintiff that if he chooses to amend his complaint, he must comply with the requirements of Local Rule 15-1.[6]

DATED January 15, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[5] The court dismisses, with prejudice, plaintiff's Title VII and reprisal claims that arise out of the following factual circumstances: (1) the closure of the infectious disease clinic; (2) non-selection for the pain clinic; (3) non-selection as a research pharmacist; (4) non-selection as a coordinator of student activities; (5) the treatment of plaintiff's EDR; (6) the threat of an ethics investigation; (6) falsifying information; and (7) non-selection as a supervisory pharmacist.

[6] The court further reminds plaintiff that his amended complaint must be consistent with this court's order. As such, plaintiff's Title VII and reprisal claims survive only as to the non-selection for the Clinical Pharmacy Manager–Oncology position.

James C. Mahan
U.S. District Judge

- 9 -