1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   JOSEPH CHIDI ANORUO,                                   2:12-CV-1190 JCM (GWF)

9                    Plaintiff(s),

10  v.

11  ERICK K. SHINSEKI,

12                   Defendant(s).

13

14                                              **ORDER**

15        Presently before the court is plaintiff, appearing *pro se*, Joseph Chidi Anoruo's motion for

16  reconsideration. (Doc # 48). Defendant Erik K. Shinseki responded. (Doc. # 51). Plaintiff replied.

17  (Doc. # 58).

18  **I.       Legal standard**

19        Plaintiff's *pro se* motion is far from a model of clarity; however, the court, in good faith,

20  construes plaintiff's motion as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e) and Fed. R.

21  Civ. P. 60(b).

22        Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28

23  days after the entry of the judgment. *Id.* Ninth Circuit has held that a Rule 59(e) motion for

24  reconsideration should not be granted "absent highly unusual circumstances, unless the district court

25  is presented with newly discovered evidence, committed clear error, or if there is an intervening

26  change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

27  F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th

28

**James C. Mahan**
**U.S. District Judge**

1   Cir. 1999)).

2        Motions for reconsideration "should not be granted, absent highly unusual circumstances."

3   *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These circumstances are

4   present where "the district court is presented with newly discovered evidence, committed clear error,

5   or if there is an intervening change in the controlling law." *Id.*

6        Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only

7   in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

8   discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6)

9   any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir.

10  2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting

11  that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

12  **II.    Discussion**

13       Here, plaintiff fails to satisfy the legal standard to warrant the court's reconsideration of it

14  denial of plaintiff's request for leave to amend. Plaintiff simply rehashes old arguments and

15  previously cited authority as evidenced by plaintiff's statement that he is seeking "to reformulate

16  claims that are virtually identical to those in the original complaint . . ." (doc. # 48, 7:11-12), the

17  same objective of his initial motion to amend (doc. # 44, 3:22-23).[1]

18       However, "[m]otions for reconsideration are not appropriate when a party wants the court

19  to think about the issue again in the hope that the court will come out the other way the second time."

20  *Teller v. Dogge*, 2:12-CV-591 JCM GWF, 2013 WL 508326, at *6 n.6 (D. Nev. Feb. 8, 2013). That

21  is essentially what plaintiff is asking the court to do here. The court declines this invitation.

22       While the court acknowledges that the instant motion is *pro se*, and is held to less stringent

23  standards, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally

24  construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

25  

---

26     [1] The court acknowledges that plaintiff has identified "new discovered evidence" that warrants reconsideration
    (*see* doc. # 58, 2:25-4:3); however, this does not change the fact that plaintiff's proposed amended complaint seeks to

27  include allegations that have been dismissed with prejudice in *Anoruo I* and *Anoruo II*. Because these allegations relate
    to claims have been dismissed with prejudice, plaintiff is foreclosed from re-alleging these claims against defendant. No

28  amount of new evidence can change this fact.

**James C. Mahan**
**U.S. District Judge**                                                                   - 2 -

1  standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted),

2  plaintiff still must comply with the rules of this court and the Federal Rules of Civil Procedure. *See*

3  *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that *pro se* parties are not

4  excused from following the rules and orders of the court). Thus, because plaintiff has failed to satisfy

5  the requirements for this court to reconsider its order, the court denies plaintiff's instant motion.

6  **III.    Conclusion**

7      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Joseph

8  Chidi Anoruo's motion for reconsideration (doc # 48) be, and the same hereby is, DENIED.[2]

9      DATED July 18, 2013.

10

11  _____
    **UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23      [2] Plaintiff's original complaint (doc. # 1) may serve as the operative complaint for his Title

24  VII and reprisal claims based on the non-selection for the Clinical Pharmacy Manager-Oncology

25  position. (*See* doc. # 34, 8:19-21). Thus, the court's denial of plaintiff's motion to amend (*see* doc.

26  # 47) and denial of his instant motion is not fatal to his case. Plaintiff's case may proceed on this

27

28  limited issue based on the allegations contained in his original complaint.

**James C. Mahan**
**U.S. District Judge**                                   - 3 -