# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH CHIDI ANORUO, | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-01190-JCM-GWF |
| vs. | ) | **ORDER** |
| ERICK K. SHINSEKI, Secretary Department of Veterans Affairs, | ) | Plaintiff's Motion to Compel Discovery (#53) |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff Joseph Chidi Anoruo's ("Plaintiff") Motion to Compel Discovery (#53), filed on June 24, 2013. Defendant Erik Shinseki ("Defendant") filed his Opposition (#60) on July 11, 2013. Plaintiff filed a Reply (#63) on July 22, 2013.

## BACKGROUND

Plaintiff's surviving claims in this action relate to an allegedly discriminatory failure to promote in violation of Title VII. *See January 15, 2013 Order, Doc. #34*. On December 17, 2012, the Court entered a Scheduling Order (#30), requiring that discovery be completed by July 1, 2013. On March 27, 2013, Plaintiff served his First Set of Interrogatories and Request for Production of Documents ("RFP") on Defendant, and Defendant responded on April 29, 2013. *See Motion to Compel, Doc. # 53, Exh. 1, 2*. Plaintiff now asserts that Defendant improperly objected to Interrogatory No. 21 and RFPs Nos. 22, 30, and 31.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) allows the discovery of any matter, not privileged, reasonably calculated to lead to admissible evidence. *See Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 526 (D. Nev. 1997). Courts have broad discretion in controlling discovery. *Id.*

1  However, the Court should limit discovery if the burden of the proposed discovery outweighs its
2  likely benefit in order to "provide a safeguard for parties [...] in light of the otherwise broad reach
3  of discovery." *Guthrey v. Cal. Dep't of Corr. & Rehab.*, No. 1:10-CV-02177-AWI, 2012 WL
4  3249554, at *3 (E.D. Cal. Aug. 7, 2012). In cases of alleged employment discrimination, plaintiffs
5  are typically limited in discovery to the types of actions alleged, the relevant time period, and the
6  office, unit, or supervisors where and with whom the plaintiffs worked. *Trevino v. Celanese Corp.*,
7  701 F.2d 397, 406 (5th Cir. 1983). Additionally, under Local Rule 26-7(b), discovery motions
8  "will not be considered unless a statement of the movant is attached thereto certifying that, after
9  personal consultation and sincere effort to do so, the parties have been unable to resolve the matter
10 without Court action."

11     Plaintiff represents that he attempted to resolve the instant discovery disputes via electronic
12 meet-and-confer on June 18, 2013. *See Motion, Doc. #53* at 2:11-12. Upon review of the
13 communications, *id., Exh. 3*, however, the Court finds that they only arguably satisfy the meet-and-
14 confer requirement as to RFP No. 22. Because Plaintiff has not sufficiently certified that he
15 attempted to resolve the disputes regarding Interrogatory No. 21 and RFPs Nos. 30 and 31 before
16 filing the instant Motion, the Court will only consider the Motion as it pertains to RFP No. 22.

17     Plaintiff's RFP No. 22 seeks production of "all performance appraisals, counseling and
18 coaching records maintained by management on the pro se plaintiff and the selectee since 2004."
19 *See Motion, Doc. #53* at 6:8-10. The selecting official for the promotion at issue in this case,
20 Josephine Tefferi ("Tefferi"), declared that she "did not retrieve, request, review, or consider
21 performance appraisals or any other documents from the applicants' Official Personnel Folders"
22 and that the only written materials she did consider were the "completed application forms and
23 resumes." *See Decl. of Josephine Tefferi, Doc. #60, Exh. A* at ¶ 5. Defendant further argues that to
24 the extent Plaintiff asserts that some personnel regulation required the consideration of the
25 performance appraisals, the matter would appropriately have been brought before the Merit
26 Systems Protection Board ("MSPB"). The MSPB was created by the Civil Service Reform Act, 5
27 U.S.C. § 1101 *et seq.*, and is a scheme of administrative review remedies through which federal
28 employees can challenge personnel actions arising out of their federal employment. *See Mangano*

1  *v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008).  Furthermore, Plaintiff's implicit assertion
2  that a review of performance appraisals was required but not followed as to any applicants does not
3  tend to establish discrimination.  *See Look v. Donahoe*, 456 Fed.Appx. 695, 697 (9th Cir. Nov. 1,
4  2011) (finding an "alleged violation of hiring procedure bears no logical connection to the claim of
5  discrimination.").  Because Tefferi did not consider the performance appraisals as to any applicants
6  before selecting a candidate, and because the failure to consider the appraisals does not tend to
7  support a claim of discrimination, the Court finds RFP No. 22 is not reasonably calculated to lead
8  to the discovery of admissible evidence.  Accordingly,

9  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#53) is **denied**.
10  DATED this 5th day of August, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge