UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CHIDI ANORUO, | |
|     Plaintiff, | Case No. 2:12-cv-01190-JCM-GWF |
| vs. | **ORDER** |
| ERIK K. SHINSEKI, | |
|     Defendant. | |

This matter comes before the Court on Defendant's Motion (#52) to Strike Amended Complaint (#49), filed on June 19, 2013. Plaintiff filed an Opposition (#59) on July 9, 2013. Defendant filed a Reply (#61) on July 18, 2013. This matter also comes before the Court on Defendant's Motion (#66) to Strike Second Amended Complaint (#57), filed on August 1, 2013; Defendant's Motion (#81) to Strike Third Amended Complaint (#69), filed on August 16, 2013; Defendant's Motion (#82) to Strike Sur-reply (#77), filed on August 16, 2013; and Defendant's Motion (#82) to Strike Revised Third Amended Complaint (#74), filed on August 19, 2013. Finally, this matter comes before the Court on Defendant's Motion for Sanctions (#50), filed on June 17, 2013. Plaintiff filed an Opposition (#54) on June 28, 2013. Defendant filed a Reply (#56) on July 8, 2013. Plaintiff filed a "Supplemental Memorandum" (#77) on August 9, 2013.

**BACKGROUND**

On January 15, 2013, the District Judge granted Defendant's Motion (#4), dismissing portions of Plaintiff's original Complaint (#1). *See Order, Doc. #34*. The Court advised Plaintiff that if he chooses to amend his Complaint, he may only assert claims that relate to "the non-selection for the Clinical Pharmacy Manager-Oncology position," and that he must first seek leave

in accordance with Local Rule 15-1. *See id.* at 8:21-9:3. Plaintiff filed an Amended Complaint (#39) on February 12, 2013 without first seeking leave, which this Court subsequently struck. *See March 1, 2013 Order, Doc. #42*. Plaintiff filed a Motion for Leave to File Amended Complaint (#44), which the District Judge denied on May 15, 2013. *See Order, Doc. #47*. On June 3, 2013, Plaintiff filed a Motion for Reconsideration (#48) of that Order (#47), along with an Amended Complaint (#49). Plaintiff filed a Second Amended Complaint (#57) on July 9, 2013. The District Judge denied the Motion for Reconsideration (#48) on July 18, 2013. *See Order, Doc. #62*. Plaintiff then filed a Third Amended Complaint (#69) on August 6, 2013, and a Revised Third Amended Complaint (#74) on August 8, 2013. Defendant now seeks to strike these errant pleadings.

      Defendant also seeks sanctions for Plaintiff's failure to appear at his deposition. Defendant summarizes the facts he offers in support of his Motion for Sanctions (#50) as follows: On May 16, 2013, Defendant mailed Plaintiff notice for his deposition scheduled to occur on June 11, 2013 at the office of Defendant's Counsel. The deposition notice stated, among other things, that any "agreed-upon cancellation or rescheduling must occur at least two business days prior to the deposition to avoid cancellation fees." *See Motion, Doc. #50, Exh. 1* at 2:1-2. On June 7, 2013, Defendant received via mail Plaintiff's "Request to Cancel or Postpone Deposition." Therein, Plaintiff stated that he "may not be available" on June 11, 2013, and that his "[l]egal adviser and consultant [...] may be traveling" during that time. *See id., Exh. 3* at 1:18-20. In a later e-mail, Plaintiff also expressed an intention to notice depositions of three employees of Defendant on June 24, 2013. Defendant proposed in response that Plaintiff be deposed on June 27, 2013, and that the employees be deposed on June 28, 2013. Plaintiff did not accept the proposal, and Defendant informed Plaintiff on June 10, 2013 that, due to a lack of agreement on an alternative date, the originally-noticed deposition would go forward the following day. At the time and place of the deposition, Defendant made a record of Plaintiff's failure to appear. *See id., Exh. 2* at 4:11-12.

...

...

...

**DISCUSSION**

**I.     Motions to Strike**

Courts may strike any redundant, immaterial, impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). This District has previously struck filings that were late or not in accordance with the Local Rules. *See, e.g., Bellinger v. Health Plan of Nev., Inc.*, 814 F.Supp. 918, 920 (D. Nev. 1993); *G.K. Las Vegas Ltd. v. Simon Prop. Group*, No. 2:04-cv-01199, 2008 WL 5083700 at *8 (D. Nev. Nov. 25, 2008). Furthermore, this Court's Local Rule 15-1 provides that parties may not file amended complaints without leave of Court.

Here, Plaintiff has filed four amended complaints without leave of the Court. Plaintiff asserts that he was unaware he must seek leave before filing an amended complaint. Although Plaintiff is pro se, such parties are required to familiarize themselves with the Federal and Local Rules of Civil Procedure. *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986). Moreover, in dismissing portions of Plaintiff's original Complaint, the District Court ordered "that plaintiff, if he chooses to amend his complaint, file the motion to amend[.]" *See January 15, 2013 Order, Doc. # 34* at 9:9-10. Further, this Court has previously stricken an errant amended complaint in this case because leave of the Court was not obtained. *See March 1, 2013 Order, Doc. #42*. Therefore, the Court will strike the subject amended complaints.

Defendants also seek to strike Plaintiff's "Supplemental Memorandum" (#77) in support of Plaintiff's Opposition (#54) to Defendant's Motion for Sanctions (#50). Because the pleading was filed after Defendant's Reply (#56), and was in further opposition to the Motion (#50), the Court construes the Memorandum (#77) as a sur-reply. Although Local Rule 7-2 does not provide for the filing of sur-replies, the Court may grant leave for a party to file a sur-reply. *See, e.g., Reva Int'l v. Mbraun, Inc.*, 2007 WL 4592216 at *6 n.4 (D. Nev., Dec. 28, 2007). Here, however, Plaintiff did not seek leave of the Court to file a sur-reply. Accordingly, the Court will strike the Supplemental Memorandum (#77).

## II. Motion for Sanctions

Federal Rule of Civil Procedure. 30(b)(1) provides that a party may take the deposition of any person upon reasonable notice. A party whose deposition has been noticed may seek a protective order under Rule 26(c), including an order that the deposition take place only at a designated time or place. Rule 30 does not, by its terms, require that the noticing party confer with the opposing party before scheduling a deposition. If the noticing party refuses to reschedule a properly noticed deposition, it is incumbent on the party whose deposition is noticed to move for a protective order. *Abiola v. Abubaker*, 2007 WL 898197 at *7 (N.D. Ill.2007). Absent a protective order or an order staying the deposition, the party to be deposed is required to appear for a properly noticed deposition. *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976). The noticed party does not have the option of sitting back, failing to appear, requiring the noticing party to take action, and then crying foul to the court. *See Koninklijke Philips Electronics N.V. v. KXD Technology, Inc.*, 2007 WL 3101248 at *18 (D. Nev. Oct. 16, 2007); *Abiola v. Abubaker,* 2007 WL 898197 at *7. Indeed, Rule 37(d) provides that the failure of a party to appear for deposition may result in the imposition of sanctions under Rule 37(b)(2)(A), (B) or (C). *Id.* Rule 37 and Local Rule 26-7 do not require a moving party to certify that a good faith effort was made to resolve the dispute before filing a motion for sanctions relating to non-appearance at a deposition.

Here, Defendant gave Plaintiff nearly a month's notice for his deposition scheduled to occur on June 11, 2013 in Plaintiff's city of residence, and the Court finds that such notice was proper. Although Plaintiff indicated to Defendant that he would be unable to attend a deposition on that day, the Parties were unable to agree upon a different date for the deposition. Plaintiff's proper recourse would have been to file a motion for a protective order under 26(c). Instead, like the non-appearing party in *Abiola*, Plaintiff did nothing, failed to appear, and required the noticing party to take action. Therefore, the Court will impose sanctions for Plaintiff's failure to appear at his properly noticed deposition. Accordingly,

...

...

...

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions (#50) is **granted** as follows:

1. Counsel for Defendant shall, no later than 14 days from entry of this Order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of costs incurred in **recording Plaintiff's nonappearance**. The memorandum shall provide a reasonable itemization and description of the costs incurred, including, if necessary, the identity of attorney(s) or other staff member(s), the customary fee of the attorney(s) or staff member(s), and the experience, reputation and ability of the attorney(s). Counsel's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs are reasonable.

2. Plaintiff shall have 14 days from service of the memorandum of costs in which to file a responsive memorandum addressing the reasonableness of the costs sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs that should be awarded.

3. Counsel for Defendant shall have 7 days from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that Plaintiff is required to appear for any properly noticed deposition scheduled within the extended discovery period provided by this Court. *See August 19, 2013 Minutes of Proceedings, Doc. #84.* Failure to appear for a properly noticed deposition may result in the imposition of further sanctions.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Amended Complaint (#52) is **granted**. Plaintiff's Amended Complaint (#49) is hereby **stricken**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Amended Complaint (#66) is **granted**. Plaintiff's Second Amended Complaint (#57) is hereby **stricken**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Amended Complaint (#81) is **granted**. Plaintiff's Third Amended Complaint (#69) is hereby **stricken**.

. . .

1   **IT IS FURTHER ORDERED** that Defendant's Motion to Strike Sur-reply (#82) is
2   **granted**.  Plaintiff's Supplemental Memorandum (#77) is hereby **stricken**.
3   **IT IS FURTHER ORDERED** that Defendant's Motion to Strike Amended Complaint
4   (#83) is **granted**.  Plaintiff's Revised Third Amended Complaint (#74) is hereby **stricken**.
5   DATED this 27th day of August, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge