# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CHIDI ANORUO, | |
|     Plaintiff, | Case No. 2:12-cv-01190-JCM-GWF |
| vs. | **ORDER** |
| ERIK K. SHINSEKI, | Motion to Reconsider (#94) |
|     Defendant. | |

    This matter comes before the Court on Plaintiff Joseph Anoruo's ("Plaintiff") Motion to Reconsider (#94), filed on September 5, 2013. On August 27, 2013, the Court granted, among others, Defendant's Motion for Sanctions (#50) and Motion to Strike Sur-reply (#82). *See Order, Doc. #88*. Plaintiff now seeks reconsideration of the Court's Order (#88) as regards the granting of those two Motions (#50, #82).

    Courts "possess the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *United States Aviation Underwriters v. Wesair, LLC*, 2010 WL 1462707, *2 (D. Nev. 2010) (citing *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004). Here, Plaintiff has not offered any new evidence, convinced the

Court its previous rulings were in clear error, or offered any intervening change in law that would cause the Court to revisit its previous rulings.  Rather, Plaintiff attempts to reargue the issues the Court has already ruled upon.  Plaintiff further attempts to raise arguments he presented in his now-stricken sur-reply (#77).  The Court therefore finds no basis to reconsider its previous Order (#88).

Alternatively, Plaintiff moves for certification under Rule 54(b).  Rule 54(b) provides that when an action "presents more than one claim for relief [...] the court may direct entry of a final judgment as to one or more, but fewer than all, claims [...] only if the court expressly determines that there is no just reason for delay."  To determine whether Rule 54(b) certification is appropriate, a court "must first determine that it is dealing with a 'final judgment'" that disposes of a cognizable claim for relief.  *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980).  The Court finds here it is not "dealing with a final judgment," as the Court's Order (#88) disposed of no claims for relief.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#94) is **denied**.

DATED this 17th day of September, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge