UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CHIDI ANORUO,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>ERICK K. SHINSEKI,<br><br>　　　　Defendant(s). | 2:12-CV-1190 JCM (GWF) |

**ORDER**

Presently before the court is *pro se* plaintiff Joseph Chidi Anoruo's motion for reconsideration. (Doc # 134). Defendant Erik K. Shinseki responded. (Doc. # 140).

In the instant motion, *pro se* plaintiff requests that the court reconsider its order granting summary judgment in favor of defendant, (doc. # 119).

**I.    Legal standard**

Under Federal Rule of Civil Procedure 59(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

. . .

**James C. Mahan**
**U.S. District Judge**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013); *see also Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

**II.  Discussion**

Here, plaintiff fails to satisfy the legal standard to warrant the court's reconsideration of its order granting summary judgment. Plaintiff simply rehashes old arguments, refers to evidence that has already been considered, and discusses previously cited authorities.

While the court acknowledges that the instant motion is *pro se*, and "must be held to less stringent standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), plaintiff still must comply with the rules of this court and the Federal Rules of Civil Procedure. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that *pro se* parties are not excused from following the rules and orders of the court). Thus, because plaintiff has failed to satisfy the requirements for this court to reconsider its order, the court will deny plaintiff's motion.

**III.  Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Joseph Chidi Anoruo's motion for reconsideration, (doc # 134), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that *pro se* plaintiff's motions to amend, (docs. # 114, 122, & 123), motions to recuse Magistrate Judge Foley, (docs. # 115 & 121), and motion to strike (doc. # 138), are DENIED as moot.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that *pro se* plaintiff's additional motions for reconsideration,
2  (docs. # 133 & 142) are DENIED as duplicative. The clerk is instructed to close the case.
3    DATED July 10, 2014.

                                      UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -