UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH CHIDI ANORUO,<br><br>      Plaintiff(s),<br><br>  v.<br><br>ROBERT A. MCDONALD,<br><br>      Defendant(s). | Case No. 2:12-CV-1190 JCM (GWF)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Joseph Chidi Anoruo's (hereinafter "plaintiff") motion to set aside order. (Doc. # 153). Defendants Erick K. Shinseki and Robert A. McDonald (hereinafter "defendants") filed a response, (doc. # 154), and plaintiff filed a reply, (doc. # 156), followed by an amended reply, (doc. # 157).

Also before the court is plaintiff's motion for recusal. (Doc. # 155).

*A. Motion to set aside*

On February 18, 2014, the court granted defendants' motion for summary judgment. (Doc. # 119). On February 19, 2014, the clerk entered judgment and closed the case. (Doc. # 120). On February 28, 2014, plaintiff filed a notice of appeal. (Doc. # 125).

Plaintiff also filed a motion for reconsideration, which the court denied on July 10, 2014. (Doc. # 144). Plaintiff then filed a motion to reopen the case, which the court denied on August 28, 2014. (Doc. # 152). The court indicated in its order that it lacked jurisdiction over the case because plaintiff has appealed the court's grant of summary judgment to the Ninth Circuit. (Doc. # 152). Plaintiff now moves the court to set aside its August 28, 2014, order. (Doc. # 153).

Defendants respond asking the court to vacate its August 28, 2014, order denying the motion to reopen case on jurisdictional grounds. (Doc. # 154). Defendants contend that the court had jurisdiction to rule on the merits of the motion pursuant to Federal Rule of Appellate

**James C. Mahan**
**U.S. District Judge**

1  Procedure 4(a)(4)(B)(i). Accordingly, defendants argue that the court should vacate its order and
2  deny plaintiff's motion to reconsider on the merits. (Doc. # 152).
3        Federal Rule of Appellate Procedure 4(a)(4)(B)(i) states that "[i]f a party files a notice of
4  appeal after the court announces or enters a judgment—but before it disposes of any motion
5  listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order . . . when
6  the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).
7        This rule applies only to motions that were pending prior to the filing of a notice of
8  appeal. Plaintiff's motion to reopen the case was filed on July 21, 2014. (Doc. # 145). Plaintiff
9  filed his notice of appeal on February 28, 2014. (Doc. # 125). Therefore, defendant's argument
10 is invalid.
11       Plaintiff cannot continue to file motions with the district court after having appealed the
12 court's judgment. No further motions will be entertained in this closed case, and will instead be
13 stricken without consideration.
14       B.  *Motion for recusal*
15       Plaintiff requests that Judge Mahan recuse himself "for violation of due process and
16 abuse of judicial discretion or because his impartiality might reasonably be questioned as
17 demonstrated in many of his orders." (Doc. # 155).
18       Pursuant to 28 U.S.C. § 455, the presiding judge determines whether recusal is warranted.
19 *United States v. Azhocar*, 581 F.2d 735, 867-68 (9th Cir. 1978). Section 455(a) is broad,
20 requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be
21 questioned." 28 U.S.C. § 455(a); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860
22 n.8 (1988).
23       However, for section 455 recusal to be warranted, the source of any alleged bias must
24 generally be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 551 (1994). Judicial bias or
25 prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's
26 actions "display a deep-seated favoritism or antagonism that would make fair judgment
27 impossible." *Id.* at 555. Thus, judicial rulings will support a motion for recusal only "in the
28 rarest of circumstances." *Liteky*, 510 U.S. at 555.

**James C. Mahan**
**U.S. District Judge**

Notably, recusal is not warranted considering that plaintiff has appealed this case. Further, plaintiff fails to identify any action of Judge Mahan indicating extrajudicial bias or prejudice. The court properly considered plaintiff's motions and found his arguments to be without merit. Thus, recusal under 28 U.S.C. § 455(a) is not necessary in this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to set aside order, (doc. # 153), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for recusal, (doc. # 155), be, and the same hereby is, DENIED.

DATED October 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**